IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01311-LTB

TERRANCE M. FARRELL III,

      Plaintiff,

v.

STATE OF COLORADO,
RICK RAEMISCH,
ESTATE OF TOM CLEMENTS,
ROGER WERHOLTZ,
TONY CAROCHI,
ARISTEDES ZAVARIS,
JOE ORTIZ, and
JOHN SUTHERS,

      Defendants.

---

ORDER DENYING CONSTRUED MOTION TO RECONSIDER

---

      The matter before the Court is the document, ECF No. 10, that Plaintiff Terrance

M. Farrell III, a *pro se* prisoner litigant, filed on July 2, 2014.  Plaintiff is in the custody of

the Colorado Department of Corrections and currently is incarcerated at the Bent

County Correctional Center in Las Animas, Colorado.  Upon review of the July 2

document, the Court finds that Plaintiff seeks reconsideration of the Court's Order of

Dismissal entered on June 27, 2014.  The Court must construe the document liberally

because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will deny

Plaintiff's request for reconsideration based on the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Plaintiff's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on June 27, 2014.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Plaintiff contends that he filed a proper 28 U.S.C. § 1915 motion within the time allowed, but the Court, "ie. [sic] Clerk/Judge Shaffer mistakenly bundled it with 13-cv-01605-MSK-CBS."  ECF No. 10 at 1.  The Court has reviewed the Docket in Case No. 13-cv-01605-MSK-CBS.  Plaintiff did file a § 1915 motion and affidavit in that case on May 29, 2014.  The caption on the motion, however, clearly identifies Case No.13-cv-01605-MSK-CBS.  The Court did not mistakenly file the § 1915 motion in

2

Case No. 13-cv-01605, and Plaintiff had notice of the mistake when he received notification of the June 17, 2014 dismissal of the § 1915 motion in Case No. 13-cv-01605-MSK-CBS, which was before this case was dismissed.

The Court does hold a *pro se* pleading to a less stringent standard than those drafted by attorneys," *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but, a plaintiff's *pro se* status does not entitle him to an application of different rules, *see Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002).  Plaintiff is responsible for the management of his cases and proper processing of his filings.

The Court, therefore, will deny Plaintiff's Motion because he fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.  Accordingly, it is

ORDERED that Plaintiff's construed Motion to Reconsider, ECF No. 10, filed on July 2, 2014, is denied.

DATED at Denver, Colorado, this 9th day of July, 2014.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court